UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LEE SHIPMAN, | CASE NO. 14-cv-05582 RBL JRC |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | Noting Date: MARCH 13, 2015 |
| Defendant. | |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 14, 17, 18).

After considering and reviewing the record, the Court concludes that the ALJ erred by failing to discuss plaintiff's diagnosed impairment of post traumatic stress disorder ("PTSD") at step two of the sequential evaluation process. Because the ALJ

failed to properly consider the combined effect of all of plaintiff's impairments when making the residual functional capacity determination, the error is not harmless.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, TONY LEE SHIPMAN, was born in 1962 and was 48 years old on the alleged date of disability onset of August 20, 2010 (*see* AR. 192-95). Plaintiff has earned a GED (AR. 74). Plaintiff has work experience as a log truck driver, long haul truck driver, moving truck driver, taxi driver, flagger, floor covering laborer and logging laborer (AR. 215-26). Plaintiff was last employed as a log truck driver and stopped working because he "was no longer a productive employee, even at the part-time level" (AR. 63, 248).

According to the ALJ, plaintiff has at least the severe impairment of "depressive disorder not otherwise specified (20 CFR 404.1520(c))" (AR. 28).

At the time of the hearing, plaintiff was living in a mobile home with his 7-year-old son who is autistic and aspire-epileptic (AR. 60-62).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration (*see* AR. 106-11, 113-23). Plaintiff's requested hearing was held before Administrative Law Judge R. J. Payne ("the ALJ") on April 19, 2012 (*see* AR. 84-104). A second hearing was held on

August 21, 2012 (AR. 41-83). On August 31, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 23-40).

On May 14, 2014, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 4-9). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2014 (*see* Dkt. 1, 4). Defendant filed the sealed administrative record regarding this matter ("AR.") on November 18, 2014 (*see* Dkt. 12).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ failed to find PTSD was a severe impairment at Step Two, without explanation of whether or not it was severe; (2) Whether or not the ALJ failed to give proper weight to the opinions of examining psychologists Drs. Phillips and Alexander and instead gave controlling weight to the opinion of non-examining psychologist Dr. Moore; and (3) Whether or not the ALJ gave inadequate reasons to support the adverse credibility finding (*see* Dkt. 14, p. 2).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether or not the ALJ failed to find PTSD was a severe impairment at Step Two, without explanation of whether or not it was severe.**

Plaintiff argues that the ALJ erred in his analysis at step two by failing to find plaintiff's PTSD is a severe impairment (*see* Opening Brief, Dkt. 14). Plaintiff points to the opinions of examining psychologists Dr. James Phillips and Dr. Rebecca Alexander in support of his PTSD (*id.* at p. 10).

Step-two of the administration's evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)). According to Social Security Ruling 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p,

1996 SSR LEXIS 10 at *4-*5 (*citing* SSR 96-7p); *see also Slayman v. Astrue*, 2009 U.S. Dist. LEXIS 125323 at *33-*34 (W.D. Wa. 2009).

In his written decision, the ALJ found that plaintiff suffered from the severe impairment of depressive disorder not otherwise specified (AR. 28). The ALJ determined that plaintiff's physical complaints are not severe impairments, singly, or in combination (AR. 28-29, 31-32). In addition, the ALJ identified plaintiff's substance use, but determined that because plaintiff is not disabled, a discussion of his substance use was not necessary (AR. 29). The ALJ, however, failed to indicate whether or not he found plaintiff's PTSD to be a severe impairment (*see* AR. 28-29).

The ALJ failed to discuss the medical evidence showing diagnoses and impairments regarding plaintiff's PTSD. Examining psychologist Dr. James Phillips, Ph.D. submitted a psychological evaluation (AR. 431-54), and found that plaintiff

> reports prior sexual assault while he was in prison (PTSD cluster symptoms A). He reports intrusive thoughts (PTSD cluster symptoms B). He reports making effort to avoid thoughts, feeling, or conversation associated with the trauma and triggers. He reports inability to recall important aspects of the trauma. During this time is when he reported first experiencing lapses in his memory. He has loss of interest, restricted affect, and sense of a foreshortened future (PTSD cluster symptoms C). He reports sleep problems, irritability/anger, concentration problems, and exaggerated startle response (PTSD cluster symptoms D). Thus his symptoms meet criteria for a diagnosis of PTSD.

(AR. 436). Among other limitations, Dr. Phillips found that plaintiff's memory would be a significant problem for plaintiff in completing tasks in the workplace (AR. 437). The

ALJ gave no indication as to what consideration or weight, if any, was given to Dr. Phillips' assessment that plaintiff suffered from PTSD.

Examining psychologist Dr. Rebecca Alexander, Ph.D. also diagnosed plaintiff with PTSD, chronic (AR. 483). Dr. Alexander opined that plaintiff's "[a]bility to sustain concentration and persist may be moderately to markedly impaired by depression and PTSD" (AR. 484). In addition, Dr. Alexander opined plaintiff's ability to interact appropriately in the workplace, adapt to change and stress, and respond to authority may be moderately impaired by antisocial/Schizotypal and PTSD symptoms" (*id.*). Dr. Alexander also reported that memory lapses may affect plaintiff's concentration (*id.*). As with Dr. Phillips, the ALJ failed to acknowledge that Dr. Alexander diagnosed plaintiff with PTSD, and failed to indicate if any consideration or weight was given to the diagnosis (AR. 35).

The record also shows that agency medical expert psychologist Dr. Margaret Moore, Ph.D. testified that she had "no problem" accepting the PTSD diagnosis, but was not convinced that plaintiff's PTSD created functional limitations that were significant enough to preclude work (AR. 58). While the ALJ mentioned Dr. Moore's opinion regarding the functional limitations, the ALJ did not provide a detailed discussion or address Dr. Moore's acceptance of plaintiff's diagnosed PTSD (*see* AR. 34).

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding

[such] evidence." *Flores, supra*, 49 F.3d at 571. The Court concludes that the record contains medical evidence showing plaintiff was diagnosed with PTSD and showing that plaintiff may have moderate to marked limitations, in part, due to his PTSD. The ALJ erred in failing to discuss or reject explicitly this significant and probative evidence.

Regarding whether or not plaintiff's alleged PTSD was a severe impairment, defendant implicitly acknowledges that the ALJ failed to indicate his determination on this issue (*see* Response, Dkt. 17, pp.7-8). However, defendant argues any error was harmless because the alleged PTSD was discussed later in the ALJ's decision (*see id.*).

In his written decision, the ALJ stated that plaintiff alleged that being sexually assaulted in prison could have triggered his PTSD, and also noted that Dr. Moore opined that plaintiff's reported prison experiences do not represent active symptoms of PTSD (AR. 30, 34). The ALJ provides no analysis or discussion of these two statements and neither statement shows that the ALJ properly considered plaintiff's PTSD diagnosis and symptoms.

The ALJ's failure to address plaintiff's PTSD at step two indicates that the ALJ did not account for all of plaintiff's impairments during subsequent steps of the sequential evaluation process. *See Smolen*, 80 F.3d at 1290 ("having found [the plaintiff] to suffer from only one 'severe' impairment at step two, the ALJ necessarily failed to consider at step five how the combination of her other impairments . . . affected her residual functional capacity to perform work"); *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (finding that because "the ALJ excluded panic disorder from [the claimant's] list of impairments and instead characterized her diagnoses as anxiety alone, the residual

functional capacity determination was incomplete, flawed, and not supported by substantial evidence in the record"); *DePaepe v. Astrue*, 2012 U.S. Dist. LEXIS 146483, *11, 2012 WL 4857761 (D. Or. Oct. 9, 2012) (finding the ALJ committed reversible error when he failed to assess the plaintiff's PTSD as severe at step two regardless of the fact that the ALJ found plaintiff's depressive disorder was a severe impairment and made a blanket statement that he considered all mental health symptoms).

While the ALJ briefly mentioned plaintiff's PTSD, there is a lack of evidence within the ALJ's written decision regarding whether the ALJ properly analyzed all of plaintiff's symptoms and impairments throughout the decision. The Court cannot conclude that the ALJ properly considered the combined effect of all of plaintiff's impairments, including plaintiff's PTSD, when making the RFC determination and the ultimate decision regarding plaintiff's disability status.

The Court also notes that the Ninth Circuit recently concluded that it was not harmless error for the ALJ to fail to discuss a medical opinion. *Hill*, *supra*, 698 F.3d at 1160. According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Id.* at 1161. As the ALJ failed to discuss significant, probative evidence regarding plaintiff's PTSD, the RFC was incomplete and the ALJ's error was not harmless.

Based on the above stated reasons, the Court concludes that the ALJ committed harmful legal error by failing to properly discuss plaintiff's PTSD.

**(2) Whether or not the ALJ failed to give proper weight to the opinions of examining psychologists Drs. Phillips and Alexander and instead gave controlling weight to the opinion of non-examining psychologist Dr. Moore.**

Plaintiff alleges that the ALJ erred by providing legally insufficient reasons for rejecting the opinions of examining psychologists Dr. Alexander and Dr. Phillips (*see* Plaintiff's Opening Brief, Dkt. 14, pp. 3-10). Plaintiff also argues that the ALJ erred by giving controlling weight to the opinion of Dr. Moore, a non-examining psychologist (*id.*). As the Court already has determined that this matter must be reversed and remanded for further consideration, *see supra*, section 1, the ALJ is instructed to reevaluate all the medical evidence in light of plaintiff's additional impairment of PTSD.

**(3) Whether or not the ALJ gave inadequate reasons to support the adverse credibility finding.**

Plaintiff additionally argues that the ALJ improperly discredited plaintiff's subjective complaints (*see* Plaintiff's Opening Brief, Dkt. 14, pp. 10-15). A determination of a claimant's credibility relies in part on the proper assessment of plaintiff's impairments and the medical evidence. *See* 20 C.F.R. § 404.1529(c). Following remand of this matter, *see supra*, section 1, the ALJ also is instructed to reassess plaintiff's credibility.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report

1 and Recommendation.  **JUDGMENT** should be for plaintiff and the case should be
2 closed.
3     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.
5 Civ. P. 6.  Failure to file objections will result in a waiver of those objections for
6 purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).
7 Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
8 matter for consideration on March 13, 2015, as noted in the caption.
9     Dated this 17th day of February, 2015.

J. Richard Creatura
United States Magistrate Judge